**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30912

WE CARE COMMUNITY ECONOMIC DEVELOPMENT CORPORATION INC.,

Debtor.

WE CARE COMMUNITY ECONOMIC DEVELOPMENT CORPORATION, INC,

Appellant,

versus

JANICE CHENIER TAYLOR;  DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, INTERNAL REVENUE SERVICE,

Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-284-B)

May 9, 2000

Before EMILIO M. GARZA, DeMOSS,  and STEWART, Circuit Judges.

PER CURIAM:[*]

Debtor-Appellant, We Care Community Economic Development Inc. ("We Care"), appeals the district court's affirmance of the bankruptcy court's dismissal of We Care's Chapter 11 bankruptcy action.  For the following reasons, we affirm.

We Care operated a juvenile residential rehabilitation facility pursuant to a contract with the Louisiana Department of Public Safety and Corrections ("DPSC") and the Louisiana Department of Social Service ("DSS").  In January 1997, We Care filed for Chapter 11 bankruptcy.  Prior to this bankruptcy filing, the United States Internal Revenue Service ("IRS") had commenced a collection action against We Care to collect on delinquent federal taxes.  In November 1997, on a motion from

---

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

the United States Trustee, the bankruptcy court initially converted the Chapter 11 proceeding to a Chapter 7 proceeding, and later dismissed We Care's bankruptcy case entirely pursuant to 11 U.S.C. § 1112(b). On appeal, the district court affirmed the bankruptcy court's dismissal of the case.

On appeal to this court We Care argues that the bankruptcy court improperly dismissed its bankruptcy proceedings. Specifically, We Care contends that the bankruptcy court should have exercised its authority to: (1) prevent the IRS from seizing $39, 271.36 in contract payments made to We Care by DPSC, and (2) prevent DPSC from canceling its contract with We Care. We Care further contends that if it's contract with DPSC had been enforced by the bankruptcy court We Care would have had enough income to pay its creditors.

After careful consideration of all the briefs, oral argument of counsel, pertinent parts of the record, and the applicable law we find that the bankruptcy court did not err in dismissing We Care's bankruptcy action. It is clear that We Care had significant difficulties in meeting the obligations set forth in Chapter 11, including failure or delay in filing schedules, disclosure statements, and a feasible plan of reorganization. Thus, for essentially the reasons given by the bankruptcy court and the district court we find that We Care's Chapter 11 bankruptcy proceeding was properly dismissed under 11 U.S.C. § 1112(b).

AFFIRMED.